UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| James Arthur JENKINS,<br><br>                             Petitioner,<br>v.<br>R.C. JOHNSON, Warden,<br><br>                           Respondent. | Case No.: 21-cv-1653-GPC-AGS<br><br>**REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION (ECF 1)** |

Petitioner seeks a writ of habeas corpus. But his claims are either noncognizable or meritless.

## BACKGROUND

In 2018, petitioner James Arthur Jenkins "stab[bed] and kill[ed]" a homeless man and rifled through his pockets. *People v. Jenkins*, No. D076664, 2020 WL 4007320, at *2, *4 (Cal. Ct. App. July 16, 2020). A jury convicted Jenkins of first-degree murder and attempted robbery, along with weapon and injury enhancements. *Id*. at *1. He was sentenced to "50 years to life." *Id*.

On appeal, Jenkins argued that he qualified for mental-health diversion under California Penal Code section 1001.36 due to his "'long' history of mental health issues." (ECF 7-4, at 1.) The California Court of Appeal affirmed the judgment, reasoning that Jenkins's criminal proceedings occurred after an amendment to section 1001.36 excluding defendants charged with certain offenses, including murder. *Jenkins*, 2020 WL 4007320, at *8–9. The Court specifically concluded that he was "statutorily ineligible for mental health diversion because he was charged with murder." *Id*. at *9.

Jenkins appealed the judgment to the California Supreme Court, claiming that he should have been found eligible under section 1001.36 because he was arrested and charged in 2018, prior to the 2019 amendment. Any other result, he argued, would violate article I, section 7 of the California Constitution as well as the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, since other defendants facing

the same excluding offenses were found eligible for the program despite being incarcerated before and sentenced after the amendment took effect. (ECF 7-8, at 7.) The California Supreme Court denied review. (*See* ECF 7-9 (unpublished denial).)

# DISCUSSION

In his federal habeas petition, Jenkins again argues that he is being detained in violation of the California Constitution and federal Equal Protection Clause. (ECF 1, at 6.) This is so, he claims, because he was denied eligibility for section 1001.36 mental-health diversion even though he was arrested and charged prior to the 2019 amendment. (*Id*.) Jenkins repeats his argument that his sentence violates the federal and state Constitutions because other similarly situated defendants who were incarcerated at or before the effective date of the amended section 1001.36—and were sentenced after the amendment took effect—were nevertheless deemed eligible for mental-health diversion. (ECF 7-8, at 7.) The Court addresses the state and federal constitutional arguments separately.

## A.   California Constitution

Jenkins does not explain why his state Constitution claim should be heard in federal court. A federal writ of habeas corpus is only available when a prisoner is held "in custody in violation of the Constitution or laws or treaties of the United States." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," so a challenge to state sentencing laws is not a ground for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law . . . ."). Thus, this Court cannot consider Jenkins's arguments under the California Constitution nor can it consider whether the state courts correctly applied section 1001.36 by its own terms.

## B.   U.S. Constitution

The warden insists that Jenkins's federal arguments fail for similar reasons. He argues that Jenkins should not be allowed to "transform this state-law claim into a federal one simply by labeling it a violation of equal protection." (*See* ECF 6-1, at 11.) The Equal

Protection Clause "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,'" which requires that "all persons similarly situated . . . be treated alike." !*City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Petitioners may bring a successful "class of one" Equal Protection challenge when they allege that they have "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Notwithstanding the merits of Jenkins's claim, it is cognizable for federal habeas review. *See* 28 U.S.C. § 2254 (permitting district courts to "entertain" habeas petitioners asserting they are "in custody in violation of the Constitution" or federal law); *see also Vaught v. Allison*, No. 3:21-CV-0408-CAB-AGS, 2021 WL 4428965, at *6 (S.D. Cal. Sept. 24, 2021) (noting that class-of-one Equal Protection claims are cognizable for § 2254 relief).

But Jenkins's Equal Protection argument collapses on the merits: There is no evidence that his sentencing deprived him of the equal protection of the laws. Jenkins provides no literature, case law, or anything else to suggest a similarly situated criminal defendant in California was found to be eligible for mental-health diversion under section 1001.36. In fact, this Court's own research suggests that California courts uniformly treated other defendants the same way they treated Jenkins. *See, e.g.*, *People v. McDaniels*, No. D073692, 2019 WL 1941576, at *2 (Cal. Ct. App. May 2, 2019) (denying section 1001.36 mental diversion for a pre-amendment murder offense); *People v. Burks*, No. D074599, 2020 WL 288129, at *5 (Cal. Ct. App. Jan. 21, 2020) (same); *People v. Bell*, No. D074669, 2020 WL 7395215, at *6 (Cal. Ct. App. Dec. 17, 2020) (same); *People v. McShane*, 36 Cal. App. 5th 245, 260–61 (2019) (same). As Jenkins provides no evidence to suggest California treats similarly situated defendants differently, Jenkins's class-of-one Equal Protection claim is meritless. *See SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1123 (9th Cir. 2022) (finding that "a class-of-one [petitioner] must be similarly situated to the proposed comparator in all material respects" to bring an Equal Protection claim).

### C. Certificate of Appealability

Rule 11 of the Federal Rules Governing § 2254 Cases requires this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *United States v. Suesue,* 584 F. App'x 705, 706 (9th Cir. 2014); *see also* 28 U.S.C. § 2253(c). The petitioner must make "a substantial showing of the denial of a constitutional right" for a certificate of appealability to be proper. *See* 28 U.S.C. § 2253(c)(2). The inquiry is whether "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

Of Jenkins's two claims, one is noncognizable, and the other fails for lack of any evidentiary support. No reasonable jurist could disagree. Jenkins is not entitled to a certificate of appealability.

## CONCLUSION

The Court recommends the following orders:

1. Jenkins's habeas petition is **DENIED**.

2. A certificate of appealability is **DENIED**.

The parties have 14 days from service of this report to file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving an objection has 14 days to file any response. *See* Fed. R. Civ. P. 72(b)(2).

Dated: August 30, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge